Opinion issued August 7, 2008
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00403-CR
____________

LARRY CHARLES DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 1110227



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant entered a guilty plea


 to the
offense of offense of unlawful labeling. Along with the plea, appellant, appellant’s
counsel, and the State signed a stipulation of evidence, in each case, which included,
among others, the following statements: “I intend to enter a plea of guilty and
understand that the prosecutor will recommend that my punishment should be set at
two years TDC; I agree to that recommendation . . . Further, I waive my right of
appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.” The trial court’s judgment is
stamped, “Appeal waived. No permission to appeal granted.” 

          In accordance with the terms of a plea bargain agreement with the State, the
trial court sentenced appellant to confinement for two years. On June 2, 2008, the
trial court entered a certification of the defendant’s right to appeal in each of the
above cases that states: “I, judge of the trial court, certify this criminal case is a plea-bargain case, and the defendant has no right of appeal.” See Tex. R. App. P. 25.2(a).
The certification contains the signature of the trial court judge, the defendant and the
defendant’s counsel. 

          Additionally, the record before this court contains a document styled “Advice
of Defendant’s Right to Appeal” that is signed and sworn to by the appellant and
states in part: “ Texas law gives a defendant convicted of a crime the right to appeal
his conviction. If you pled guilty or no contest and accepted the punishment
recommended by the prosecutor, . . . you cannot appeal your conviction unless this
Court gives you permission. If you waived or gave up your right to appeal, you
cannot appeal your conviction.”  

            After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement in each case, the trial court certified in each case
that the case is a plea-bargain case and the defendant has no right to appeal. 
Appellant filed a notice of appeal but did not request the trial court’s permission to
appeal any pre-trial matters, and the trial court did not give permission for appellant
to appeal. This appeal followed.

          We conclude that the certification of the right of appeal filed by the trial court
in each case is supported by the record and that appellant has no right of appeal due
to the agreed plea bargains. Tex. R. App. P. 25.2(a). Because appellant has no right
of appeal, we must dismiss this appeals “without further action.” Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
 
Panel consists of Justices Taft, Jennings, and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).